IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY G. JANKE, | |
| Plaintiff, | 8:15-CV-231 |
| vs. | |
| ELECTION SYSTEMS AND SOFTWARE, LLC, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court on the Plaintiff's Motion to Dismiss Complaint (filing 23), the Defendant's Motion to Dismiss (filing 5), and the defendant's motion for sanctions under Fed. R. Civ. P. 11 (filing 14). The Court will grant the plaintiff's motion and deny the defendant's motions.

    First, the plaintiff has moved to voluntarily dismiss his complaint. He has a right to do so, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), because the defendant has not yet filed an answer or a motion for summary judgment. The plaintiff also requested that the case be dismissed "with prejudice." Filing 23 at 1, 3. Although a Rule 41(a)(1) dismissal is presumably without prejudice, the dismissal may be with prejudice if "the notice or stipulation states otherwise[.]" Rule 41(a)(1)(B). The plaintiff's notice in this case *does* state otherwise, so the dismissal will be with prejudice.

    Because the plaintiff is voluntarily dismissing his complaint with prejudice, the defendant's motion to dismiss is moot, and will be denied as such. That leaves the defendant's motion for Rule 11 sanctions, which the defendant claims are warranted because the plaintiff's claims are frivolous and, according to the defendant, were "filed only to harass" the defendant. Filing 14 at 2. The defendant seeks to recover, among other things, its attorney fees and costs in defending the action. Filing 14 at 2.

    Rule 11 sanctions may be warranted when a pleading is presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; contains allegations or factual contentions that lack evidentiary support; or contains denials of factual contentions that are not warranted on the evidence. *See*, Fed. R. Civ. P. 11(b); *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006). And in determining whether a pleading was frivolous, groundless, or advanced for an improper purpose, the Court must apply a standard of objective

reasonableness. *Pulaski Cnty. Republican Comm. v. Pulaski Cnty. Bd. of Election Comm'rs*, 956 F.2d 172, 173 (8th Cir. 1992). But the primary purpose of Rule 11 sanctions is to deter misconduct, not to compensate the opposing party for all of its costs in defending. *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994).

Being fully advised in the premises, the Court declines to order Rule 11(c) sanctions in this case. While the plaintiff's complaint may not have been objectively reasonable, a sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Rule 11(c)(4). The plaintiff has already voluntarily dismissed his case, with prejudice, and the Court finds it unnecessary to impose a sanction beyond that. The Court also notes that among the other relief requested by the defendant is that the plaintiff be ordered "to not file any further frivolous claims or lawsuits" against the defendant. Filing 14 at 2. While the Court is not imposing such a condition pursuant to Rule 11(c), the Court notes Fed. R. Civ. P. 41(d), which provides that

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) **may order the plaintiff to pay all or part of the costs of that previous action**; and
> (2) may stay the proceedings until the plaintiff has complied.

(Emphasis supplied.) Obviously, because the plaintiff dismissed his claim with prejudice, he should not refile it in any event. But if he were to try again, he could be required to pay the defendant's costs from this proceeding.

IT IS ORDERED:

1. The Plaintiff's Motion to Dismiss Complaint (filing 23) is granted.

2. The plaintiff's complaint is dismissed with prejudice.

3. The Defendant's Motion to Dismiss (filing 5) is denied as moot.

4. The defendant's motion for sanctions under Fed. R. Civ. P. 11 (filing 14) is denied.

5. A separate judgment will be entered.

Dated this 14th day of September, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge